IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 07-cv-02610-PAB-MJW

THEODORE W. PARKER,

      Plaintiff,

v.

CITY OF COMMERCE CITY, a Colorado municipal corporation, and
PERRY VANDEVENTER, individually and in his official capacity
as City Manager of City of Commerce City,

      Defendants.
_____

**ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT**
_____

In this lawsuit under 42 U.S.C. § 1983, Plaintiff Theodore W. Parker alleges

violations of his substantive due process rights under the Fourteenth Amendment of the

Constitution in connection with his termination as head golf professional of Buffalo Run

Golf Course, which is operated by defendant City of Commerce City ("Commerce City").

On July 2, 2008, Defendant Perry VanDeventer moved for summary judgment on the

claims alleged against him individually, claiming that he is entitled to qualified immunity

[Docket No. 17].  Mr. Parker responded on July 18, 2008 [Docket No. 22] and Mr.

VanDeventer filed a reply in support of his motion on August 8, 2008 [Docket No. 26].

Mr. VanDeventer's motion for partial summary judgment is ripe for decision.

## I.  BACKGROUND

The following facts are undisputed for purposes of Mr. VanDeventer's motion

unless otherwise indicated.  Mr. Parker was employed by Commerce City as Head Golf

Professional for Buffalo Run Golf Course from July 1996 to January 2006.  Scheduling

Order [Docket No. 14], Undisputed Facts ¶ b.  Buffalo Run Golf Course is located in,

and operated by, Commerce City.  *Id.* ¶ c.  Defendant VanDeventer was formerly the

City Manager for Commerce City and was acting in that capacity at the time of the

events underlying this lawsuit.  *Id.* ¶ d.  Mr. Parker's employment with Commerce City

was at-will.  Def.'s Mot. for Partial Summ. J. ("Def.'s Br."), Ex. A [Pl.'s Responses to

Def. Commerce City's Written Discovery] ("Pl.'s Discovery Resp.") at 12; *see also* Pl.'s

Resp. to Def.'s Br. ("Pl.'s Resp.") at 9 (assuming Mr. Parker was an at-will employee).

On October 18, 2005, Commerce City received a complaint about Mr. Parker's

conduct as Head Golf Professional.  Def.'s Resp., Aff. of Theodore W. Parker ("Pl.'s

Aff.") ¶ 2.  Among other things, the complaint alleged Mr. Parker had thrown a chair and

engaged in conduct that created a hostile working environment.  *Id.*  In his discovery

responses in this litigation, Mr. Parker admitted that he "acted inappropriately at times

during [his] tenure with Commerce City," that he "yelled at employees and/or threatened

employees with the loss of their jobs," and that he "called employees in to work on their

days off, after hours, or on holidays to assist with nonemergency situations."  Pl.'s

Discovery Resp. at 14, 16.  Effective October 24, 2005, Mr. Parker was placed on

administrative leave with pay while Commerce City investigated Mr. Parker's conduct as

Head Golf Professional.  Def.'s Br., Statement of Undisputed Material Facts ¶ 9; Pl.'s

Aff. ¶ 4.

Mr. VanDeventer and another employee of Commerce City met with Mr. Parker

on December 8, 2005 and informed him that the investigation of his conduct had

concluded.  Pl.'s Aff. ¶ 7; Def. VanDeventer's Reply in Supp. of MPSJ ("Def.'s Reply")

at 2.  In light of the investigation, they presented Mr. Parker with the following options:

termination of his employment, resignation of his employment, or possible continued

employment pursuant to a plan of action to be completed and submitted by Mr. Parker

within three days.  Pl.'s Aff. ¶ 7; Def.'s Reply at 2.  On December 11, 2005, a

Commerce City employee advised Mr. Parker that his plan of action was accepted with

some modification and that he would be reinstated as Head Golf Professional in

January 2006.  Pl.'s Aff. ¶ 13; Def.'s Reply at 4.  Mr. Parker again met with Mr.

VanDeventer and another Commerce City employee on January 5, 2006, at which time

Mr. VanDeventer informed Mr. Parker that he would not be reinstated and, instead,

must choose between termination and resignation.  Pl.'s Aff. ¶ 14; Def.'s Reply at 4.  At

that meeting, Mr. VanDeventer cited an email sent by Peter Shaffer, a friend of Mr.

Parker who acted as Parker's attorney at times, as the reason that Mr. Parker would not

be reinstated.  That email contained the following passage: "As Parker stated to a

throng of elementary school student reporters 'the rumors of my demise were greatly

exaggerated!!, I am back and back with a vengeance.'"  Def.'s Br., Ex. B-1.  Ultimately,

because Mr. Parker did not respond with his resignation, Mr. VanDeventer authorized

termination of Mr. Parker as Head Golf Professional of Buffalo Run Golf Course.  Def.'s

Br., Ex. B (Affidavit of Perry VanDeventer) ¶ 7.

In this Section 1983 action, Mr. Parker claims that the defendants' conduct

relating to his termination deprived him of Due Process under the Fourteenth

Amendment of the Constitution.  He appears to assert two separate substantive due

process claims: (1) arbitrary deprivation of Mr. Parker's alleged property interest in

continued employment, and (2) deprivation of Mr. Parker's liberty interest in good name,

3

reputation, honor and integrity.  Mr. VanDeventer seeks judgment as a matter of law that he is qualifiedly immune from such claims because Mr. Parker cannot prove a constitutional violation.

## II.  ANALYSIS

### A.  Standard of Review

Summary judgment is warranted under Federal Rule of Civil Procedure 56(c) when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986); *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994).  A disputed fact is "material" if under the relevant substantive law it is essential to proper disposition of the claim.  *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231-32 (10th Cir. 2001).  Only disputes over material facts can create a genuine issue for trial and preclude summary judgment. *Faustin v. City & County of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005).  An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party.  *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997). When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party.  *Id.*

### B.  Qualified Immunity

Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as

their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  The issue of qualified immunity is ordinarily a matter of law to be decided by the judge.  *See id.*; *Maestas v. Lujan*, 351 F.3d 1001, 1007-08 (10th Cir. 2003).

In this case, Mr. VanDeventer asserts qualified immunity because he was acting as the City Manager for Commerce City at the time of Mr. Parker's termination.  As an initial matter, it appears that a city manager may, under certain circumstances, assert qualified immunity for personnel-related actions.  *See Derda v. City of Brighton, Colo.*, 53 F.3d 1162 (10th Cir. 1995) (holding that a city manager was entitled to qualified immunity in connection with personnel management actions).  Thus, I now outline case law governing the qualified immunity analysis.

Once a defendant asserts the defense of qualified immunity, the burden shifts to the plaintiff to "show with particularity facts and law establishing the inference that defendant violated a constitutional right" and that the right allegedly violated was "clearly established at the time of the conduct at issue." *Hollingsworth v. Hill*, 110 F.3d 733, 737-38 (10th Cir. 1997); *Bruning v. Pixler*, 949 F.2d 352, 356 (10th Cir. 1991) ("plaintiff must produce facts sufficient to show both that the defendant's alleged conduct violated the law and that the law was clearly established when the alleged violation occurred").  If plaintiff satisfies his burden of demonstrating a violation of clearly established law, then the burden shifts back to the government official to prove that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law. *Clark v. Edmunds*, 513 F.3d 1219, 1222 (10th Cir. 2008).  In *Pearson v.*

5

*Callahan*, 129 S.Ct. 808, 818 (2009), the Supreme Court held that "judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."

I will proceed first by analyzing whether Mr. Parker has sufficiently alleged a constitutional violation against Mr. VanDeventer.  Because I find this inquiry dispositive, I need not consider the next step of the inquiry, which is whether the constitutional rights cited by Mr. Parker were clearly established at the time of the conduct giving rise to this lawsuit.

### 1.  Property Interest

"A public employee with a property interest in continued employment has a substantive-due-process right not to be terminated for arbitrary or capricious reasons." *Darr v. Town of Telluride, Colo.*, 495 F.3d 1243, 1257 (10th Cir. 2007).  "The standard for the existence of a property right in employment is whether the plaintiff has a legitimate expectation of continued employment." *Hennigh v. City of Shawnee*, 155 F.3d 1249, 1253 (10th Cir. 1998) (citing *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972)).  In a Section 1983 case such as this one, the Court looks to state law to ascertain whether plaintiff has a property interest in his employment.  *Bishop v. Wood*, 426 U.S. 341, 344 (1976).  Colorado courts recognize the "traditional rule" that "local government employees hold their posts at the pleasure of the proper local government authorities and can be dismissed without case, in the absence of restrictions or limitations provided by law." *Fremont Re-1 Sch. Dist. v. Jacobs*, 737 P.2d 816, 820

6

(Colo. 1987).

Mr. Parker has not identified any restriction or limitation under Colorado law that removes him from this traditional rule.  Rather, by his own admission, Mr. Parker was employed at-will by Commerce City.  *See* Pl.'s Discovery Resp. at 12; Pl.'s Resp. at 9. Because "an at-will employee has no 'property interest' in his job," *Ohio Adult Parole Authority v. Woodard*, 523 U.S. 272, 291 (1998), Mr. Parker's substantive due process claim alleging arbitrary or capricious termination fails.  *See Seeley v. Bd. of County Comm'rs*, 791 P.2d 696, 699 (Colo. 1990) ("In Colorado, an employee hired for an indefinite period of time is an at will employee whose employment may be terminated by either party without cause and without notice, and whose termination does not give rise to a cause of action.") (internal quotation marks omitted); *Darr*, 495 F.3d at 1252 ("At-will employees lack a property interest in continued employment.").

Moreover, even if Mr. Parker was able to establish a protected property interest in continued employment with Commerce City, his termination was not "arbitrary, capricious, or shocking to the conscience," as is required to demonstrate the substantive due process deprivation that Mr. Parker alleges.  *Darr*, 495 F.3d at 1257.  In light of Mr. Parker's admitted inappropriate behavior, including threatening and yelling at employees under his supervision, defendant VanDeventer's decision that Mr. Parker must resign or be terminated was certainly rational.  Even if another manager would have acted differently, "[t]he Due Process Clause of the Fourteenth Amendment is not a guarantee against incorrect or ill-advised personnel decisions." *Curtis v. Okla. City Pub. Sch. Bd. of Educ.*, 147 F.3d 1200, 1215 (10th Cir. 1998) (quoting *Bishop*, 426 U.S. at

7

350).

### 2.  Liberty Interest

Mr. Parker also asserts that defendant VanDeventer deprived him of his liberty interest in his good name, reputation, honor, and integrity.  The contours of this constitutional violation were set forth by the Tenth Circuit in *Melton v. City of Oklahoma City*, 928 F.2d 920, 926-27 (10th Cir. 1991) (en banc), where the Court of Appeals held:

> When a public employer takes action to terminate an employee based
> upon a public statement of unfounded charges of dishonesty or immorality
> that might seriously damage the employee's standing or associations in
> the community and foreclose the employee's freedom to take advantage
> of future employment opportunities, a claim for relief is created.

*See also Darr v. Town of Telluride, Colo.*, 495 F.3d 1243, 1255 (10th Cir. 2007) (stating that employee arguably had a liberty interest in his good name and reputation as it related to his employment with the defendant city).  Since its holding in *Melton*, the Tenth Circuit has refined the test for whether an employee has been deprived of a liberty interest in circumstances involving derogatory statements uttered by a government employer.  Thus, to state a claim for deprivation of a liberty interest, the statements must: (1) impugn the good name, reputation, honor, or integrity of the employee, (2) be false, (3) occur in the course of terminating the employee or foreclose other employment opportunities,[1] and (4) be published.  *Sandoval v. City of Boulder*,

---

[1]  The Tenth Circuit has recognized some ambiguity in the phrasing of the third element of the *Workman* test.  That is, in at least one instance, the Tenth Circuit has held that the statements in question must have been made both in the course of termination *and* foreclose other employment opportunities.  *See Darr*, 495 F.3d at 1255 (discussing *Renaud v. Wyo. Dep't of Family Servs.*, 203 F.3d 723, 728 n.1 (10th Cir. 2000)).  Even so, the issue of whether the third element is to be read conjunctively is not presented in this case because Mr. Parker contends that statements were made in the course of his termination that foreclosed other opportunities for him to work as a head golf professional.

388 F.3d 1312, 1329 (10th Cir.2004) (citing *Workman v. Jordan*, 32 F.3d 475, 481 (10th Cir. 1994)).  Such statements must have been made by the defendant.  *See id.*

Because Mr. Parker's affidavit is the only evidence proffered in response to defendant VanDeventer's motion for partial summary judgment, the Court reviews that affidavit to determine if Mr. Parker has identified with particularity facts establishing each element required to prove deprivation of a liberty interest under *Workman v. Jordan*.  *See Gross v. Burggraf Const. Co.*, 53 F.3d 1531, 1546 (10th Cir. 1995) ("To withstand a motion for summary judgment, the nonmovant must do more than refer to allegations of counsel contained in a brief.") (internal quotation marks omitted).  In his affidavit, Mr. Parker attributes the following statements to Mr. VanDeventer: (1) Mr. VanDeventer told Mr. Parker that his "agent/attorney is a jerk [and] he undercut everything we are working towards," (2) Mr. VanDeventer said he had no choice but to fire Mr. Parker or have him resign based on the email sent by Mr. Parker's attorney, and (3) Mr. VanDeventer stated that the email sent by Mr. Parker's attorney was detrimental to Mr. Parker's ability to build trust and credibility.  Pl.'s Aff. ¶ 14.  Mr. Parker also contends that Commerce City "alleged" that he "could not handle employees, was abusive, had harassed employees, was dishonest and was incompetent."  *Id.* ¶ 15.  Also relevant to the instant motion, Mr. Parker implies that other PGA golf professionals informed him that they had heard that he was terminated as Head Golf Professional of Buffalo Run Golf Course because he engaged in sexual harassment, sexual assault, or embezzlement.  *Id.*

The statements contained in Mr. Parker's affidavit are insufficient to demonstrate

a deprivation of his liberty interest by defendant VanDeventer.  None of the statements

attributed to Mr. Vandeventer can be reasonably read to impugn Mr. Parker's good

name.  Even if the statement about the effect of the email from Mr. Parker's attorney on

his ability to build trust and credibility could be so construed, Mr. Parker has not shown

with particularity that such statement was published.  Publication means that the

statements have been disseminated to the general public; intra-government

dissemination is insufficient.  *Asbill v. Housing Auth. of Choctaw Nation of* . 726 F.2d

1499, 1503 (10th Cir. 1984) (citing *Bishop*, 426 U.S. at 348).  That Mr. Parker allegedly

encountered untrue rumors about his termination circulating among his golf

professional peers does not establish that any statements were published.  *See*

*Cardoso v. Calbone*, 490 F.3d 1194, 1197 (10th Cir. 2007) ("Evidence, including

testimony, must be based on more than mere speculation, conjecture, or surmise.

Unsubstantiated allegations carry no probative weight in summary judgment

proceedings.") (alteration omitted).  Mr. Parker's statements in his affidavit simply yield

no inference that statements made by defendant VanDeventer (or any other unnamed

Commerce City employee, for that matter) were made public by Mr. VanDeventer.

Mr. Parker's general allegation that "the City" made statements challenging Mr.

Parker's honesty and competence similarly does not identify any false, stigmatizing

statement published by defendant VanDeventer.  Moreover, Mr. Parker has not set

forth any specific statements of this nature or proffered evidence leading to an

inference that such statements were made, so the foregoing allegation is merely a

conclusory, self-serving statement insufficient to show a genuine issue of material fact.

*Murray v. City of Sapulpa*, 45 F.3d 1417, 1422 (10th Cir. 1995) ("To survive summary

judgment, nonmovant's affidavits must be based upon personal knowledge and set forth facts that would be admissible in evidence; conclusory and self-serving affidavits are not sufficient.") (internal quotation marks omitted).

Because Mr. Parker has not demonstrated a deprivation of either a constitutionally protected property or liberty interest, he has not met his burden to identify a constitutional violation by Mr. VanDeventer.  *See Hollingsworth*, 110 F.3d at 737-38.   Accordingly, Mr. VanDeventer is entitled to qualified immunity and the claims against him in his individual capacity must be dismissed.

## III.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that defendant Perry VanDeventer's motion for partial summary judgment [Docket No. 17] is GRANTED.  It is further

**ORDERED** that plaintiff's claims alleged in this action against defendant VanDeventer individually are dismissed.


DATED April 15, 2009.

BY THE COURT:


s/Philip A. Brimmer_____
PHILIP A. BRIMMER
United States District Judge